**CARDIAC PACEMAKERS,
INC., Appellee,**

v.

**CORDIS CORPORATION, Appellant.**

No. 81–2048.

United States Court of Appeals,
Eighth Circuit.

Submitted March 25, 1982.

Decided Oct. 12, 1982.

Rehearing Denied Dec. 7, 1982.

Henry D. Pahl, Jr., Gilbert H. Hennessey, Kenway & Jenney, Boston, Mass., Malcolm

L. Moore, Williamson, Bains, Moore & Hansen, Minneapolis, Minn., for appellant.

Charles G. Call, Bradley J. Hulbert, Allegretti, Newitt, Witcoff & McAndrews, Ltd., Chicago, Ill., Orrin M. Haugen, Thomas J. Nikolai, Haugen & Nikolai, Minneapolis, Minn., for appellee.

Before ROSS, Circuit Judge, STEPHENSON, Senior Circuit Judge, and VAN PELT,* Senior District Judge.

PER CURIAM.

This is a patent case brought by Cardiac Pacemakers, Inc. (C.P.I.) against Cordis Corporation (Cordis) in the United States District Court for the District of Minnesota, Fourth Division. After a trial, the Honorable Edward J. Devitt entered what is termed a memo opinion and judgment finding in favor of C.P.I. and against Cordis. Cordis has appealed to this court. We affirm the trial court.

Involved is the patentability of devices known as cardiac pacemakers, and particularly of implantable cardiac pacemakers. Originally involved were patents known as the Keller patent, U. S. Patent No. 3,557,796; the Terry patent, U. S. Patent No. 3,805,769; and the Davies patent, U. S. Patent No. 4,095,603.

The preliminary proceedings are described in Judge Devitt's memorandum and nothing is gained by repeating here the history of the parties' prior litigation. While this case was pending, the Keller and Davies patents were withdrawn. The litigation proceeded only as to the Terry patent granted April 23, 1974. The date of the granted invention as determined by the trial court was July 1, 1970.

Users and others reading the record would recognize this case as involving in part a pacemaker made by C.P.I. known as Microlith-P and a pacemaker made by Cordis known as Omnicor. Another major producer of pacemakers, Telectronics, accepted a license from Cordis. This litigation ensued when C.P.I. introduced its product to the public market without obtaining such a license.

The issues on appeal are: (1) whether the district court erred in holding that Herbert Lenzkes was a "prior inventor" of the invention granted in the Terry patent, whereby his work anticipated that invention; (2) whether the district court erred in holding that Robert Wingrove, holder of Patent No. 3,833,005 was also a prior inventor of the invention patented by Terry, whereby his work anticipated Terry's invention. The claim is also made that Wingrove never reduced his device to practice as held by trial court; (3) whether the district court erred in holding that the invention claimed in Terry was obvious to one of ordinary skill in the art.

We have considered these assigned errors. We conclude that little is to be gained from our discussing the details of the Terry patent or the other patents cited by Judge Devitt in his opinion.

The facts are largely undisputed. We find Judge Devitt's conclusions from the facts are reasonable.

The applicable law is really not in dispute. We are satisfied with Judge Devitt's reading and application of what constitutes obviousness. We feel he correctly read and applied the cases relating to prior art.

It is sufficient to say that we have read the entire record and believe that Judge Devitt has well analyzed the pacemakers before him and the patents on which they were based, together with the issues raised herein. If we started in to detail the content of each patent, we would, to a great extent, merely repeat his explanations and findings.

We conclude that his opinion is accurate, scholarly, and does justice between the litigants. Such a result is the goal of all litigation.

Upon the basis of the opinion of Judge Edward J. Devitt filed in this case on September 1, 1981, we affirm.

* Robert Van Pelt, Senior District Judge, District of Nebraska sitting by designation.